JAMES A. SCUDDY *v.* W. A. SHAFFER—MCMASTER, Warrantor.

An appeal will not be dismissed because the warrantor has not been made a party to the appeal, where the defendant has abandoned all right of appeal against his warrantor.

The judgment of the lower court was not reversed, because the judge refused to compel experts to report after the expiration of the time appointed for them to report. In a case of this kind, it was a matter of discretion with the judge whether he would do so, or leave the parties to the benefit of the testimony of the experts before the jury.

APPEAL from the District Court of the Parish of Terrebonne, *Roman*, J. *Beatty & Bush*, for plaintiff. *Connelly & Rightor*, for defendant and appellant.

MERRICK, C. J. The plaintiff has moved to dismiss the appeal taken by the defendant, *Shaffer*, because he has not made his warrantor a party to the same. The motion appears to be sustained by the authorities. See *Williams* v. *Courtney*, 9 An. 99 ; *Oliver* v. *Williams*, 12 Rob. 180 ; *Blanc* v. *Cousin*, 8 An. 72 ; *Hewson* v. *Creswell*, 10 An. 232.

It is, therefore, ordered, adjudged and decreed by the court, that the appeal in this case be dismissed at the costs of the appellant.

---

SAME CASE—ON A RE-HEARING.

MERRICK, C. J. A re-hearing having been granted in this case, on a reconsideration of the question, we think the appeal may be maintained, as we understand the defendant has abandoned all right of appeal against his warrantor.

The case was before this court on the question of title in 1855, and is reported in 10 An. 133. The question now presented grows out of the improvements and rents.

There is a bill of exception to the refusal of the District Court to compel the experts to report after the expiration of the time appointed for their report. We cannot say that the judge erred. It was a matter of discretion with him whether, in a case of this kind, he would do so, or leave to the parties the benefit of the testimony of the experts before the jury.

On the merits, there is some conflict of testimony, and some of it appears to have been disregarded by the jury. But looking to the situation of the land and the proof, we can safely say that the improvements have benefited plaintiff's place in a sum equal to the value of the rent while in possession of defendant.

It is, therefore, ordered, that the judgment of the lower court be avoided and reversed, and that there be judgment in favor of the defendant in plaintiff's original demand, and in favor of the plaintiff on defendant's reconventional demand, and that the plaintiff pay the costs in both courts.

LAND, J., absent.